## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO
**Honorable Howard R. Tallman**

| | |
|---|---|
| In re: | ) |
| | ) |
| **HORIZON WOMENS CARE** | ) |
| **PROFESSIONAL LLC,** | ) |
| | ) |
| Debtor. | ) |
| | ) **Case No. 13-28436 HRT** |
| | ) **Chapter 11** |
| **JUDY BAACK, MD,** | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| **HORIZON WOMENS CARE** | ) |
| **PROFESSIONAL LLC,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY

This case comes before the Court on *Dr. Judy Baack's Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (docket #62) (the "Motion").

The Court conducted a preliminary hearing on the Motion on February 11, 2014, and took the matter under advisement to determine whether there is a necessity for a final hearing. The Court finds that it may rule based on the exhibits offered at the preliminary hearing and the legal arguments made by the parties.

### I.  BACKGROUND

Debtor is a medical practice and, prior to 2006, Dr. Judy Baack and Dr. Heidi Oster were each 50% members of the Debtor.  In 2006, Dr. Baack ceased her medical practice; the relationship between the members disintegrated; litigation ensued.  Dr. Baack seeks a declaration that the automatic stay is inapplicable to her appeal against the Debtor, which is currently pending in the Colorado Court of Appeals; alternatively, she seeks relief from the automatic stay to continue that appeal.

The state court litigation was initiated by a lawsuit filed by the Debtor and Dr. Oster (the "Plaintiffs") against Dr. Baack.  Among the Plaintiffs' claims was their claim for declaratory judgment that the Debtor had properly terminated Dr. Baack's employment in Debtor's practice "for cause" under the Employment Agreement between the Debtor and Dr. Baack.  The trial

ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
Case No. 13-28436 HRT

court found in favor of the Plaintiffs and declared that Dr. Baack was properly terminated "for cause" under the agreement. Relevant to the matter currently before this Court, the trial court awarded Plaintiffs their attorney fees with respect to the declaratory judgment claim under a prevailing party provision of the Employment Agreement.

On appeal ("*Baack I*"), the Colorado Court of Appeals reversed the trial court on the declaratory judgment issue. It found, because the trial court found Dr. Baack suffered from a disability, that the Debtor did not have the option to terminate Dr. Baack "for cause" under the agreement. On remand, the trial court entered a judgment consistent with the order of the Colorado Court of Appeals. That judgment did not disturb the attorney fee award to the Plaintiffs in connection with the declaratory judgment claim.

Dr. Baack subsequently filed a motion under Rule 60(b) seeking relief from that award of attorney fees to the Plaintiffs. The trial court denied the Rule 60(b) motion and it is that denial that is the focus of the current appeal ("*Baack II*"). The instant Motion seeks to continue prosecution of *Baack II* free of any strictures of the automatic stay in this case.

## II. DISCUSSION

### A. *TW Telecom Holdings, Inc.*

The issue presented here has been decided by the Tenth Circuit Court of Appeals in the case of *TW Telecom Holdings, Inc. v. Carolina Internet, LTD*, 661 F.3d 495 (10th Cir. 2011). In that case, the court interpreted 11 U.S.C. § 362(a) in the context of cases where an appeal is being prosecuted against the debtor. Harmonizing its interpretation with other federal courts of appeal, the Tenth Circuit held that § 362(a) stays

> all appeals in proceedings that were originally brought against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.

*Id*. at 497. The converse, of course, is that § 362(a) *does not stay* proceedings that were originally brought *by* the debtor.

Here, the Debtor was one of the original Plaintiffs in the state court litigation. The appeal concerns the trial court's award of attorney fees to the Plaintiffs under the prevailing party provision of the Employment Agreement. Dr. Baack's appeal is not subject to the automatic stay under 11 U.S.C. § 362(a) because the pending appeal concerns a claim that the Debtor and Dr. Oster originally brought against Dr. Baack.

ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
Case No. 13-28436 HRT

The Debtor argues that *Baack II* concerns the trial court's judgment on Dr. Baack's counterclaim so that the original claim was one that was brought *against* the Debtor and is stayed by § 362(a). The Court disagrees. Dr. Baack's counterclaim on the Employment Agreement is styled as a counterclaim for damages. Debtor's original claim was styled as a claim for declaratory judgment. The reality is that they were mirror-images of one another. Each was based upon the other's alleged breach of the Employment Agreement. The Debtor – along with its co-plaintiff – initiated the suit and received judgment on its claim. It was awarded attorney fees under the Employment Agreement. The fact that Dr. Baack made a counterclaim as to the same subject matter cannot transform the subject of this appeal to one having resulted from an action *against* the Debtor that is subject to the automatic stay.

The case law cited by the Debtor is not to the contrary. *Maritime Elec. Co. Inc. v. United Jersey Bank*, 959 F2d 1194 (3rd Cir. 1991), illustrates a case involving numerous claims back and forth between the parties. The Third Circuit explained:

> All proceedings in a single case are not lumped together for purposes of automatic stay analysis. . . . Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.
>
> Thus, within one case, actions against a debtor will be suspended even though closely related claims asserted by the debtor may continue. Judicial proceedings resting on counterclaims and third-party claims asserted by a defendant-debtor are not stayed, while same-case proceedings arising out [sic] claims asserted by the plaintiff are stayed.

*Id*. at 1204-1205.

Thus, all proceedings arising out of Dr. Baack's counterclaims against the Debtor are stayed by § 362(a),[1] while proceedings arising out of the Plaintiffs' claims against Dr. Baack are unaffected by the automatic stay. The more unique each of the various claims in a case is, the easier the process of untangling them. Here, because the core of each claim concerning the Employment Agreement rests upon a determination of which party breached the agreement, viewed in isolation from one another, the attorney fees could conceivably relate either to the allowance of the Debtor's cause of action or to the denial of Dr. Baack's counterclaim.

---

[1] Because Dr. Oster is a non-debtor, none of Dr. Baack's claims against Dr. Oster are affected in any way by the automatic stay in the Debtor's bankruptcy case.

ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
Case No. 13-28436 HRT

Because Dr. Baack's counterclaim is never mentioned either in the trial court's original opinion or in the *Baack I* appellate opinion, the Court concludes that the attorney fee award arises out of the trial court's judgment in the Plaintiffs' favor on their cause of action for declaratory judgment. The trial court's judgment says "the court declares that Baack was terminated 'for cause' . . . ." That clearly relates to the Plaintiffs' claim for declaratory judgment. In its opinion, the Colorado Court of Appeals says that "the trial court found for Horizon and Oster on their declaratory judgment, breach of contract, and unjust enrichment claims." There is nothing in either opinion to support the Debtor's position that the *Baack II* appeal emanates from the trial court's judgment relative to Dr. Baack's counterclaim against the Debtor.

B.  The *Curtis* Factors

Alternatively, even if the automatic stay does apply to the *Baack II* appeal, the Court must grant relief from the stay. The Debtor's position is that the Court may simply decide the attorney fee issue that is on appeal in *Baack II* in the course of considering the adversary proceeding that the Debtor initiated against Dr. Baack on February 10, 2014. The Debtor's complaint in Adversary No. 14-1074 HRT seeks avoidance and recovery of an alleged fraudulent conveyance; disallowance of any claim Dr. Baack's may assert against the estate; equitable subordination; and recovery of a preference.

Whenever a party seeks relief from the automatic stay "for cause," under 11 U.S.C. § 362(d)(1), in order to continue proceedings in another court, it is appropriate to use the *Curtis* factors, *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah, 1984), to guide the Court's analysis. The Curtis factors are as follows:

1. Whether the relief will result in a partial or complete resolution of the issues.
2. The lack of any connection with or interference with the bankruptcy case.
3. Whether the foreign proceeding involves the debtor as a fiduciary.
4. Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.
7. Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).

ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
Case No. 13-28436 HRT

      10.    The interest of judicial economy and the expeditious and economical determination of litigation for the parties.

      11.    Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.

      12.    The impact of the stay on the parties and the "balance of hurt."

*Id.* at 799-800.

The Court will discuss those factors that it finds to be relevant in order:

      1.    *Whether the relief will result in a partial or complete resolution of the issues.* Granting relief from stay will result in complete resolution of the state court litigation. Debtor conflates its adversary action against Dr. Baack with this last piece of the state court litigation. They are wholly separate matters and the claims relating to the Employment Agreement that the Debtor brought and litigated in the state court need to be finally resolved in a state forum.

      2.    *The lack of any connection with or interference with the bankruptcy case.* The Court finds no interference with the bankruptcy case by allowing the completion of the attorney fee appeal. The Debtor will likely defend its judgment by participating in the appeal. But that does not constitute a substantive interference with administration of this bankruptcy case. Indeed, the opposite is true. To leave the state court appeal unresolved would hinder the ability of the Debtor to move forward with its bankruptcy case. The Debtor suggests that this Court can fold the appeal of that state court judgment into its consideration of the Debtor's adversary action against Dr. Baack. But that would cast this Court in the role of a court of appeals for a judgment rendered by a Colorado state court. It cannot do so because Federal bankruptcy jurisdiction does not permit the Court to hear appeals from state court judgments.[2]

      4.    *Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.* The Colorado Court of Appeals is a specialized tribunal for hearing appeals from cases decided

---

[2] Title 28 U.S.C. § 1334 does not confer subject matter jurisdiction on the district court or this Court, by reference under 28 U.S.C. § 157, to review state-court judgments. "[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged . . . by 28 U.S.C. § 1257, exclusively in [the U.S. Supreme Court]. Federal district courts . . . are empowered to exercise original, not appellate, jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005).

ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
Case No. 13-28436 HRT

in Colorado's state court system and *Baack II* is properly venued in that court.  As noted above, this Court has no jurisdictional authority to hear Dr. Baack's appeal.

7.     *Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.*  The Debtor characterizes the fact that it risks losing the appeal as prejudice to creditors.  To the contrary, the final liquidation of claims between these parties is a necessity.  The fact that the lawful and appropriate resolution of a legal claim may result in a reduced potential for recovery by the estate does not constitute legal prejudice to the rights of creditors.

10.    *The interest of judicial economy and the expeditious and economical determination of litigation for the parties.*  The matter that is up on appeal must be decided.  Because this Court lacks the authority to act as an appellate court for state court decisions, the only forum for that final determination is the state court system where all of the litigation has proceeded and has been largely resolved prior to filing the bankruptcy case.

11.    *Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.*  They are far beyond the trial stage and at the point of finishing the appeal of the final issue between the parties relating to the original litigation.

12.    *The impact of the stay on the parties and the "balance of hurt."*  To deny relief from stay would leave the *Baack II* issues unresolved because this Court cannot deal with them as part of the Debtor's adversary action against Dr. Baack.  There can be no benefit to any party to have this last issue in the state court litigation continue to be unresolved.

## III.  CONCLUSION

It was the Debtor and Dr. Oster that initiated the state court litigation against Dr. Baack.  Under *TW Telecom*, as discussed above, no proceeding arising out of any of the claims that the Debtor pursued against Dr. Baack could be affected by the automatic stay under 11 U.S.C. § 362(a).  The Court finds that Dr. Baack's appeal of the award of attorney fees to the Debtor and to Dr. Oster is a proceeding arising out of the declaratory judgment claim asserted by the Debtor and Dr. Oster against Dr. Baack.  As such, that action falls outside the reach of the automatic stay and is unaffected by the Debtor's bankruptcy case.

Even if the automatic stay applied to the *Baack II* appeal, it would be appropriate to lift the automatic stay in order to allow that appeal to proceed to conclusion in the Colorado Court of Appeals.  The attorney fee issue that is on appeal in *Baack II* has been decided under Colorado

ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
Case No. 13-28436 HRT

contract law in a Colorado trial court and is on appeal in the Colorado Court of Appeals.  The Debtor's suggestion that this Court can stop that appellate process in its tracks by declaring that the automatic stay is applicable; refuse to lift the stay; and substitute its judgment for that of the state courts in the course of adjudicating the Debtor's adversary case against Dr. Baack is simply incorrect.  It cannot.  Federal bankruptcy jurisdiction does not permit it to do so.  The Court's review of the *Curtis* factors, as they apply to this case, amply demonstrates that cause exists under 11 U.S.C. § 362(d)(1) to allow the state court litigation to proceed in the state court system to its logical conclusion.

Therefore, it is

**ORDERED** that *Dr. Judy Baack's Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (docket #62) is GRANTED.

Dated this __14th__ day of February, 2014.

BY THE COURT:

Howard R. Tallman, Chief Judge
United States Bankruptcy Court